

**08 CIV 5201**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ATLANTIC RECORDING CORPORATION,

                      Plaintiff,

    - v –                                      COMPLAINT AND
                                        JURY DEMAND

BCD MUSIC GROUP, INC. and
MIXTRAP, LLC,

                      Defendants.
------------------------------------------------------------X

       Plaintiff Atlantic Recording Corporation ("Atlantic"), through its attorneys, Blank Rome LLP, as and for its Complaint alleges as follows:

### I. INTRODUCTION

    1.    Atlantic is one of the premier record labels in the world and has the exclusive rights to recordings made by the hip-hop artists Al Gernod L. Washington p/k/a "Plies" ("Plies") and Radric Davis p/k/a "Gueei Mane" ("Gucci Mane") (eollectively, the "Artists") as well as the exclusive right to use the Artists' names and likenesses in connection with recordings made during the term of the Artists' agreements with Atlantie.

    2.    Defendants BCD Music Group, Ine. ("BCD") and Mixtrap, LLC ("Mixtrap") manufacture and distribute pirated mixtape recordings made by established artists, including recordings by Plies and Gucci Mane, and use deeeptive means to make consumers belicve that the recordings are legitimate when they are not.

    3.    For example, Atlantic is scheduled to release a new album by Plies titled *Definition of Real* on June 10, 2008. Defendant Mixtrap is deceiving consumers by distributing an album using the same title (*Definition of Real*), and Defendant BCD is deceiving consumers

with its album that has a confusingly similar title (*Real Definitions*). Both of Defendants' albums contain recordings by Plies that are exclusively licensed to Atlantic. And both Defendants are using Plies' name and image, in contravention of Atlantic's exclusive rights, to promote the infringing albums.

4. Because Defendants are interfering with Atlantic's exclusive rights and with Atlantic's ability to promote and distribute its upcoming release by Plies, Atlantic has no choice but to seek relief from this court through an Order to Show Cause for a Preliminary Injunction.

## II. JURISDICTION AND VENUE

5. This is an action for copyright and trademark infringement. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338 (a) and (b) and 28 U.S.C. § 1367. Venue for this action is properly laid in the United States District Court for the Southern District of New York under the provisions of 28 U.S.C. § 1391(b).

## III. FACTS

*Parties*

6. Plaintiff Atlantic Recording Corporation ("Atlantic") is a Delaware corporation with its principal place of business at 1290 Avenue of the Americas, New York, NY 10104. Atlantic, which has been in business since 1947, is one of the premier record labels in the world. Its music catalog includes recordings by Ray Charles, Aretha Franklin, John Coltrane and Led Zeppelin. Atlantic's current artists include James Blunt, Kid Rock, matchbox twenty, Plies and Gucci Mane.

7. Upon information and belief, Defendant BCD Music Group, Inc. ("BCD") is a Texas corporation with its principal place of business at 1621 Lakeville Drive, Kingwood

TX 77339. BCD distributes unauthorized copies (mixtapes) of recordings made by established artists signed to major record labels.

8. Upon information and belief, Defendant Mixtrap, LLC ("Mixtrap") is a Connecticut limited liability corporation with its principal place of business at 36 Tamaraek Avenue, Suite 312, Danbury, Conneeticut 06811. Mixtrap distributes mixtapes via its website www.mixtrap.eom.

*The Artist Plies And*
*Plaintiff's Rights to His Recordings*

9. Plies is the professional name of hip-hop artist Al Gernod L. Washington ("Plies"). Pursuant to agreements dated as of January 31, 2006, Atlantic has the exclusive right to recordings made by Plies during the term of such agreements as well as the exclusive right to use Plies' name and likeness in connection with such recordings.

10. Plies is a highly successful recording artist whose first album released on Atlantic in 2007, *The Real Testament,* sold over 500,000 units and was certified as "gold" by the Recording Industry Association of Ameriea ("RIAA") and whose single "Shawty," which was released by Atlantic in 2007 and was included in the album *The Real Testament,* sold over 1 million copies and was certified "platinum" by the RIAA.

11. In late 2007, Atlantie and Plies determined that Plies' next album would be titled *Da Definition of Real* but ultimately decided to drop the word "Da" and simply call the album *Definition of Real*.

12. Plies' *Definition of Real* album, the standard version of which has 15 traeks on it, is scheduled to be released on the Atlantie/Slip-N-Slide label on June 10, 2008.

*The Artist Gucci Mane And*
*Plaintiff's Rights to His Recordings*

13.     Gucci Mane is the professional name of hip-hop artist Radric Davis ("Gucci Mane"). Gucci Mane is a successful recording artist whose hit single *Freaky Gurl Remix* reached the Top Ten on the *Billboard* music charts. The recording *Freaky Gurl Remix* was included on Gucei Mane's album *Back to the Traphouse*, which was released by Atlantic in December 2007.

14.     Pursuant to agreements dated as of November 17, 2006, Atlantic owns all recordings made by Gucci Mane during the term of the agreements and has the exclusive right to use Gucci Mane's name and likeness during sueh term.

*Defendant Mixtrap's Infringement*
*of Atlantic's Rights in Plies*

15.     Without authority or license, Mixtrap is reproducing and distributing in interstate commerce an album titled *Definition of Real* that embodies unauthorized copies of reeordings made by Plies during the term of his exelusive recording agreement with Atlantic. The Mixtrap *Definition of Real* album ineludes a copy of a Plies recording titled "Shawty," which is on the Atlantie album *The Real Testament* and whieh is a hit single that shipped more than 1 million copies and was certified "platinum" by the RIAA.

16.     Mixtrap's *Definition of Real* album also embodies unauthorized copies of the reeordings by Plies "You," "Hypnotized" and "Murkin Season," all of which appear on Atlantic's album *The Real Testament*, and "Buss it Baby," which is a copy of "Bust it Baby 1" appearing on Atlantic's upcoming Plies album also titled *Definition of Real*. *The Real Testament* is the subject of U.S. Copyright Registration SR 612-286.

17.    Defendant Mixtrap's *Definition of Real* album prominently displays Plies' image and professional name, which, combined with Mixtrap's use of the identical title as Plaintiff's upcoming release, is intended to deceive the purchasing public into believing that it is the new album that will be released by Atlantic next week.

18.    Defendant Mixtrap's use of the name *Definition of Real* for its album is causing actual confusion with the authentic Atlantic album *Definition of Real*. For example, online sellers are wrongfully identifying the infringing *Definition of Real* album as being on both the Atlantic label and the Slip-N-Slide label, and as not being available until June 10, 2008, which is the release date of Atlantic's *Definition of Real* album. (Plies' albums are released by Atlantic on the Atlantic/Slip-N-Slide label.) (Exhibits 11, 13, 14, 15, 17 and 18.)[1] Some websites list the 26 tracks on the infringing *Definition of Real* album as the track names that will be on the upcoming Atlantic release of *Definition of Real,* which is not accurate. (Exhibits 11, 12, 13, 14, 15, 17 and 18.) And at least one site uses the authentic cover art for Atlantic's *Definition of Real* album but wrongly list the 26 tracks from Mixtrap's album. (Exhibit 14.)

*Defendant BCD's Infringement*
*of Atlantic's Rights in Plies*

19.    Without authority or license, Defendant BCD is reproducing and distributing in interstate commerce an album titled *Real Definitions*. The BCD album embodies unauthorized copies of recordings by Plies made during the term of his exclusive recording agreement with Atlantic, including a version of Plies' hit single "Shawty." (A copy of Defendant BCD's album *Real Definitions* is attached as Exhibit 8.)

---

[1]    All Exhibits are attached to the Declarations submitted in support of Plaintiff's Motion for a Preliminary Injunction and are incorporated herein as if also attached to this Complaint.

20. Defendant BCD's *Real Definitions* album prominently displays Plies' image and professional name and also uses a title that is confusingly similar to the title of Plaintiff's upcoming release. By doing so, BCD intends to deceive the purchasing public into believing that its infringing album is the new album that will be released by Atlantic next week.

*Defendant BCD's Infringement*
*of Atlantic's Rights in Gucci Mane*

21. Without authority or license, Defendant BCD is reproducing and distributing in interstate commerce an album titled *No Pad No Pencil*. This album embodies unauthorized copies of recordings made by Gucci Mane during the term of his recording agreement with Atlantic, including the hit song "Freaky Gurl Remix." Atlantic owns the copyright to the sound recording of "Freaky Gurl Remix" and obtained copyright registration SR 000612203 that covers such recording.

22. Defendant BCD is prominently displaying Gucci Mane's image and his professional name on the packaging for *No Pad No Pencil* in an attempt deceive the purchasing public into believing that its infringing album is authentic. (A copy of Defendant BCD's album cover is attached as Exhibit 20.)

23. In a further attempt to confuse the purchasing public into believing that *No Pad No Pencil* is authorized by Atlantic, Defendant BCD included variations of the following voiceover on multiple tracks on the album *No Pad No Pencil*: "So Icy Entertainment and Atlantic Records, the official mix tape before *Back to the Traphouse*."

*Defendant BCD's Refusal to Cease and Desist*

24. On March 26, 2008, Atlantic received an email from a lawyer named Wallace Collins ("Collins") in which Collins indicated that he was acting on behalf of a

company called Aqua Interests and inquired whether certain recordings (the "Plies Recordings") were claimed by or connected to Atlantic. (Exhibit 4.)

25.  The Plies Recordings included sound recordings by Plies, in which other Atlantic artists also performed as side artists. One of the Plies Recordings was titled "Shawty Remix," which is the same title as the Plies single "Shawty" previously released by Atlantic that, as discussed above, was certified platinum by the RIAA.

26.  Atlantic advised Collins of Atlantic's exclusive rights to the Plies Recordings, that Atlantic would not authorize his client's exploitation of the Plies Recordings, and that Atlantic would enforce its rights if any unauthorized exploitation were to take place. (Exhibit 4.)

27.  On March 28, 2008, Atlantic sent Collins a letter confirming that it would not authorize the release of an album containing the recordings by its recording artists. (Exhibit 5.)

28.  Following receipt of Atlantic's March 28, 2006 letter, Collins asked Atlantic to grant his client a license at a price of $1 per unit. Atlantic did not agree to such request.

29.  In late April 2008, Atlantic discovered that BCD had released *Real Definitions*, which included the Plies Recordings, and on April 24, 2008 immediately sent a cease and desist letter to BCD. (Exhibit 6.)

30.  In response, Collins, who previously made inquiries on behalf of "Aqua Interests" wrote Atlantic on April 25, 2008 that he was representing Defendant BCD. (Exhibit 7.) Prior to June 3, 2008, neither Collins nor BCD responded to Atlantic's cease and desist letter.

## COUNT ONE AGAINST MIXTRAP
### (FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING — THE DEFINITION OF REAL)

31. Plaintiff repeats and realleges paragraphs 1 - 30 above, as if fully set forth herein.

32. Defendant Mixtrap's use of the title *Definition of Real* for an album containing unauthorized recordings by Plies constitutes a false designation of origin and false advertising in violation of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and has caused and continues to cause Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

## COUNT TWO AGAINST MIXTRAP
### (UNFAIR COMPETITION — THE DEFINITION OF REAL)

33. Plaintiff repeats and realleges Paragraphs 1 - 30 above, as if fully set forth herein.

34. Defendant Mixtrap's use of the title *Definition of Real* for an album containing unauthorized recordings by Plies constitutes unfair competition under the common law and has caused and continues to cause Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

## COUNT THREE AGAINST BCD
### (FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING — REAL DEFINITIONS)

35. Plaintiff repeats and realleges paragraphs 1 - 30 above, as if fully set forth herein.

36. Defendant BCD's use of the title *Real Definitions* for an album containing unauthorized recordings by Plies constitutes a false designation of origin and false advertising in violation of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and has caused and continues to cause

Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

### COUNT FOUR AGAINST BCD
### (UNFAIR COMPETITION — REAL DEFINITIONS)

37. Plaintiff repeats and realleges Paragraphs 1 - 30 above, as if fully set forth herein.

38. Defendant BCD's use of the title *Real Definitions* for an album containing unauthorized recordings by Plies constitutes unfair competition under the common law and has caused and continues to cause Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

### COUNT FIVE AGAINST MIXTRAP AND BCD
### (FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING — PLIES)

39. Plaintiff repeats and realleges paragraphs 1 - 30 above, as if fully set forth herein.

40. Defendants Mixtrap's and BCD's use of Plies' professional name and likeness to promote albums containing unauthorized recordings by Plies constitutes a false designation of origin and false advertising in violation of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and has caused and continues to cause Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

### COUNT SIX AGAINST MIXTRAP AND BCD
### (UNFAIR COMPETITION — PLIES)

41. Plaintiff repeats and realleges Paragraphs 1 - 30 above, as if fully set forth herein.

42. Defendants Mixtrap's and BCD's use of Plies' professional name and likeness to promote an album containing unauthorized recordings by Plies constitutes unfair

-9-

competition under the common law and has caused and continues to cause Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

### COUNT SEVEN AGAINST BCD
### (FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING — GUCCI MANE)

43. Plaintiff repeats and realleges paragraphs 1 - 30 above, as if fully set forth herein.

44. Defendant BCD's use of Gucci Mane's professional name and likeness to promote albums containing unauthorized recordings by Gucci Mane constitutes a false designation of origin and false advertising in violation of 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and has caused and continues to cause Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

### COUNT EIGHT AGAINST BCD
### (UNFAIR COMPETITION — GUCCI MANE)

45. Plaintiff repeats and realleges Paragraphs 1 - 30 above, as if fully set forth herein.

46. Defendant BCD's use of Guci Mane's professional name and likeness to promote an album containing unauthorized recordings by Guci Mane constitutes unfair competition under the common law and has caused and continues to cause Plaintiff to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

### COUNT NINE AGAINST BCD
### (COPYRIGHT INFRINGEMENT)

47. Plaintiff repeats and realleges Paragraphs 1 - 30 above, as if fully set forth herein.

48.  Defendant BCD's reproduction, distribution and public performance of the sound recording "Freaky Gurl Remix" constitutes copyright infringement in violation of 17 U.S.C. § 501 and has caused and continues to cause Plaintiff Atlantic to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

### COUNT TEN AGAINST MIXTRAP
### (COPYRIGHT INFRINGEMENT)

49.  Plaintiff repeats and realleges Paragraphs 1 - 30 above, as if fully set forth herein.

50.  Defendant Mixtrap's reproduction, distribution and public performance of the sound recordings "Shawty," "You," "Hypnotized," and "Murkin Season" constitutes copyright infringement in violation of 17 U.S.C. § 501 and has caused and continues to cause Plaintiff Atlantic to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

### COUNT ELEVEN AGAINST MIXTRAP AND BCD
### (TORTIOUS INTERFERENCE WITH CONTRACT — PLIES)

51.  Plaintiff repeats and realleges Paragraphs 1 - 30 above, as if fully set forth herein.

52.  Upon information and belief, Defendants BCD and Mixtrap are aware of Atlantic's exclusive right to recordings made by Plies as well as Atlantic's exclusive rights to use Plies' name and likeness in connection with such recordings.

53.  Defendants' use of recordings made by Plies during the term of his agreement with Atlantic as well as Defendants' use of Plies' name and likeness in connection with such recordings constitutes a tortious interference with contract, and has caused and

continues to cause Plaintiff Atlantic to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

COUNT TWELVE AGAINST BCD
(TORTIOUS INTERFERENCE WITH CONTRACT — GUCCI MANE)

54. Plaintiff repeats and realleges Paragraphs 1 - 30 above, as if fully set forth herein.

55. Upon information and belief, Defendant BCD is aware of Atlantic's exclusive right to recordings made by Gucci Mane as well as Atlantic's exclusive rights to use Gucci Mane's name and likeness in connection with such recordings.

56. Defendant BCD's use of recordings made by Gucci Mane during the term of his agreement with Atlantic as well as Defendant BCD's use of Gucci Mane's name and likeness in connection with such recordings constitutes a tortious interference with contract, which has caused and continues to cause Plaintiff Atlantic to suffer irreparable injury for which Plaintiff has no adequate remedy at law and damages in an amount to be determined at trial.

WHEREFORE, Plaintiff demands the following relief:

I. Enjoining and restraining Defendant Mixtrap, LLC ("Mixtrap") and its agents, servants, employees, and attorneys and those persons in active concert or participation with it:

    A. From using the professional names and likeness of the recording artist Al Gernod L. Washington p/k/a "Plies" ("Plies") in connection with unauthorized recordings made by or of such recording artist including an album titled *Definition of Real*;

    B. From using any logo, trade name, trademark or service mark, which may be calculated to falsely represent or which has the effect of falsely

-12-

       representing that the goods of Mixtrap are sponsored by, authorized by, or in any way associated with Plaintiff, or its recording artists, including "Plies";

C.   From using the names *Definition of Real,* or any confusingly similar name, including a name containing the word "Real," as the name of an album containing recordings made by or of the artist Plies;

D.   From reproducing, distributing, publicly performing or preparing derivative works of the sound recording "Shawty," "You," "Hypnotized," and "Murkin' Season" or any other sound recording owned by or exclusively licensed to Plaintiff without express written authority from Plaintiff;

II.   Enjoining and restraining Defendant BCD Music Group, Inc. ("BCD") and its agents, servants, employees, and attorneys and those persons in active concert or participation with it:

A.   From using the professional names and likenesses of the recording artists Al Gernod L. Washington p/k/a "Plies" and/or Radric Davis p/k/a "Gucci Mane" ("Gucci Mane") in connection with unauthorized recordings made by or of such recording artists;

B.   From using any logo, trade name, trademark or service mark, which may be calculated to falsely represent or which has the effect of falsely representing that the goods of BCD are sponsored by, authorized by, or in any way associated with Plaintiff, or its recording artists, including "Plies" and "Gucci Mane";

-13-

  C. From using the name *Real Definitions,* or any confusingly similar name, including a name containing the word "Real," as the name of an album containing recordings made by or of the artist Plies;

  D. From reproducing, distributing, publicly performing or preparing derivative works of the sound recording "Freaky Gurl Remix" or any other sound recording owned by or exclusively licensed to Plaintiff without express written authority from Plaintiff;

III. For Plaintiff's damages according to proof;

IV. For treble damages, pursuant to 15 U.S.C. § 1117;

V. For statutory damages, pursuant to 17 U.S.C. § 504;

VI. For damages for sake of example and by way of punishing Defendants in such amount as the evidence may warrant;

VII. For all profits realized by Defendants on account of their infringement of Plaintiff's copyrights, and for an order requiring Defendants to account to Plaintiff for all profits that it has made, received or is entitled to as a result of its infringement;

VIII. For interest according to law;

IX. For Plaintiff's costs of suit incurred herein;

X. For Plaintiff's attorneys' fees incurred herein; and

XI. For such other and future relief as the Court may deem just and proper.

Plaintiff DEMANDS A TRIAL BY JURY.

Dated: June 6, 2008

                               BLANK ROME LLP

                               _____
                               Kenneth L. Bressler (KB-3389)
                               Jennifer S. Smith (JS-1941)
                               405 Lexington Avenue
                               The Chrysler Building
                               New York, New York, 10174
                               (212) 885-5000
                               *Attorneys for Plaintiff*