UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

---------------------------------------------------------------X

ATLANTIC RECORDING CORPORATION,                 08 Civ. 5201 (WHP)

        Plaintiff,

  -against-

BCD MUSIC GROUP, INC. and MIXTRAP, LLC

        Defendants.

---------------------------------------------------------------X


## RESPONSE MEMORANDUM OF LAW FROM DEFENDANT BCD MUSIC GROUP, INC.


Wallace Collins, Esq.
119 5th Avenue (3d flr)
New York, NY 10003
(212) 245-7300

Attorney for Defendant, BCD

## I. INTRODUCTION

BCD has ceased offering the Plies "Real Definitions" mixtape recording and the Gucci Mane "No Pad No Pencil" mixtape recording, and has, in effect, preemptively complied with the basic injunctive relief sought by plaintiff in the Order to Show Cause before this Court so that the status quo is maintained pending resolution of the dispute. Therefore, there is no further threat of any "irreparable harm" by BCD and no further need for any expedited discovery or other expedited proceedings with respect to BCD since whatever alleged harm occurred can be redressed, after a full and fair litigation of the issues, through a monetary award.

## II. FACTS

Defendant, BCD, is a reputable independent record distributor which contractually licenses the rights to distribute and sell finished master sound recordings from third parties. BCD has over 500 titles in its catalog ranging from urban, to rock and alternative, to classical, to country, to comedy, and to children's titles. BCD is engaged in the distribution of legitimate sound recordings, has an excellent reputation in the independent record marketplace and is well-respected in the world of independent record retail. . *See, Harald Blakeslee Dec; Shila Mitra Dec.*

Although BCD legitimately believed that it had proper authorization to distribute the "Real Definitions" mixtape album featuring the artist Plies, promptly after receiving the cease and desist letter from Atlantic BCD took steps to remedy the situation. Prior to commencement of this action BCD advised Atlantic and its counsel that it had taken corrective action, had stopped selling "Real Definitions", had notified its vendors to stop selling it, and had deactivated the listing for it on the BCD website – and that BCD wished to cooperate with Atlantic and resolve the dispute without the need for this litigation.

Promptly after being advised that Atlantic also disputes BCD's right to distribute the mixtape album of Gucci Manes entitled "No Pad No Pencil" (although BCD never received any cease and desist correspondence prior to this action being commenced), BCD took corrective action and, despite BCD's legitimate business belief that it had proper authorization, stopped selling "No Pad No Pencil", notified its vendors to stop selling it, and deactivated the listing for it on the BCD website.

Based on the Declarations of the BCD executives, BCD has not acted in bad faith, and is not a willful, "serial" or "egregious" infringer. BCD has at all times acted in good faith and has taken all steps it believed necessary, including procurement of a signing contract and verbal approval from parties affiliated with plaintiff, to conduct its business legally.

### III.  ARGUMENT

**A.  *There Is No Threat Of Irreparable Harm and No Basis for Expedited Discovery***

Although BCD entered into an agreement which it believed granted it the rights to distribute the "Real Definitions" and the "No Pad No Pencil" mixtapes, and believed that it had procured approval from affiliates and employees of plaintiff, Atlantic Records, and its parent company, Warner Music, BCD has ceased distributing the mixtapes identified in this action. *Blakeslee Dec.* ¶3-4

Therefore, there is no further threat of any "irreparable harm" by BCD and no further need for any expedited discovery or other expedited proceedings with respect to BCD since whatever alleged harm occurred can be redressed, after a full and fair litigation of the issues, through a monetary award. JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990); Lentjes Bischoff GmbH v. Joy Environ. Tech, Inc., 986 F. Supp 183, 189 (S.D.N.Y. 1997)(no expedited discovery should be granted where there is no irreparable harm).

Accordingly, BCD requests that this Court establish a reasonable schedule so that BCD can have a full and fair opportunity to respond to plaintiff's numerous allegations and fully brief the issues in response to plaintiff's claims. Expedited discovery is not warranted in a dispute absent irreparable harm. Al Nawasi Trading Co. v. BP Amoco Corp, 12 F.R.D. 57 (S.D.N.Y. 2000).

It would be unfair to burden BCD with having to provide any expedited discovery to plaintiff before it has had a chance to respond to the underlying claims and narrow the focus of this action. Lieberman v. U.S., 839 F. Supp 263, 265 (SDNY 1993)(discovery itself can be a weapon for oppression, and must accordingly be subject to control to avoid abuse); Fed R. Civ P. 26 (c), 28 U.S.C.A.

Finally, the basis for plaintiff's request to proceed with expedited discovery appears to be to permit it to go on a fishing expedition through BCD's proprietary business information, which is not proper when the urgent circumstances no longer exist. Stander v. Financial Clearing & Services Corp., 718 F. Supp 1204, 1210 (SDNY 1989)(insufficient and conclusory allegations cannot serve as the basis for discovery aimed at fishing for possible claims against defendant). See, e.g., American Communications Ass'n v. Retirement Plan, 488 F. Supp. 479, 484 (SDNY 1980), aff'd, 646 F2d 559 (2d Cir 1980); Avnet, Inc. v. American Motorists Insurance Co., 115 F.R.D. 588 (SDNY 1987).

BCD has not acted in bad faith in any regard in this matter. *See, Blakeslee Dec; Mitra Dec.* It acted based on its belief that it had a written license for use of the mixtapes, that it had verbal permission from employees of the plaintiff and its parent/affiliate company, Warner, and that it was acting in accord with its past course of business dealings with plaintiff. When the legal department sent the cease and desist letter, BCD took immediate steps to cooperate. All of the foregoing certainly constitutes "a credible, innocent explanation" for BCD's distribution of the

*3*

Plies and Gucci Mane mixtapes overcoming any alleged bad faith in connection therewith. ISCYRA v. Tommy Hilfiger, U.S.A., Inc., 80 F.3d 749, 753 (2d Cir. 1996).

### B. *Defendant BCD Should Have A Fair Opportunity To Respond to Plaintiff's Claims*

There are numerous broad allegations and unsupported statements made by plaintiff which BCD disputes and which BCD should be entitled sufficient time to properly address, respond to, and possibly dismiss.

As just one example, plaintiff alleges copyright infringement but admits that BCD's "Real Definitions" mixtape does not appear to contain copies of any Plies recordings previously released by plaintiff or covered by plaintiff's copyright registrations. *Kushner Dec.* ¶33. This presents a serious jurisdictional issue since registration of a copyright is a prerequisite to an infringement claim under 17 USC 411 (a). Geritrex Corp. v. Dermarite Industries, LLC, 910 F. Supp 955, 966 (SDNY 1996); Whimsicality, Inc. v. Rubies Costume Corp., 89 F.2d 452, 453 (2d Cir. 1989).

BCD is also entitled to various affirmative defenses. A license, as BCD believes it has, is also a defense to a claim of infringement. Keane Dealer Services, Inc. v. Harts, 968 F. Supp. 944 (SDNY 1993). And BCD's suggestion that plaintiff may have unclean hands in this matter by virtue of the conduct of its own employees is also a defense to infringement. Coleman v. E.S.P.N., 764 F. Supp. 290 (SDNY 1991).

Even assuming plaintiff has properly alleged Federal infringement claims, several of the other State law claims like unfair competition and tortuous interference, even though they do not appear to be properly alleged or applicable here, would presumably be preempted under Federal copyright law, and disposed of by this Court.

As a show of good faith by BCD in its business dealings with plaintiff, prior to commencement of this action I advised Atlantic's counsel that BCD had taken corrective action,

had stopped selling "Real Definitions" and "No Pad No Pencil", and that BCD wished to cooperate with Atlantic and resolve the dispute without the need for this litigation, offering to resolve the dispute with a monetary settlement. Plaintiff's counsel admits that Shila Mitra, a vice president of BCD, also offered to cooperate with Atlantic in resolving this matter without the need for costly and time-consuming legal action. *Bressler Dec.* ¶2.

Based on the sworn statements of BCD's executives, BCD has not acted in bad faith, and is not a willful or "egregious" or "serial" copyright or trademark infringer. BCD has at all times acted in good faith, relied on the contractual and verbal representations of others and its past course of business dealings with plaintiff, and has taken all steps it believed necessary in order to conduct its business legally.

## IV.   CONCLUSION

BCD has ceased offering the mixtapes which are the subject of this action, and has, in effect, preemptively complied with the injunctive relief sought by plaintiff in the Order to Show Cause before this Court. Pending resolution of the dispute between the parties the status quo will be maintained by BCD ceasing distribution of the subject recordings. Therefore, there is no further threat of any "irreparable harm" by BCD and no further need for any expedited discovery or other expedited proceedings in this matter.

Accordingly BCD respectfully requests that a reasonable schedule be established so that BCD can have a full and fair opportunity to respond to plaintiff's numerous allegations and fully brief the issues before this Court.

June 10, 2008

Wallace Collins, Esq. (WC 1907)
119 Fifth Avenue (3rd flr)
New York, NY 10003
(212) 245-7300

5