UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ATLANTIC RECORDING CORPORATION,

                          Plaintiff,

-against-

BCD MUSIC GROUP, INC. and MIXTRAP, LLC

                          Defendants.
-----------------------------------------------------------------X

08 Civ. 5201 (WHP)

**BCD RESPONSE DECLARATION OF SHILA MITRA**

SHILA MITRA, being duly sworn, deposes and says:

1.     I am a vice president of BCD Music Group, Inc. ("BCD"). I am responsible for many of the day to day activities of BCD in connection with the sound recordings it distributes.

2.     BCD has had what I believed to be a great relationship with Atlantic in the past. BCD has distributed mixtapes involving Atlantic artists in the past all with the cooperation and consent of the marketing staff there.

3.     At some point in time prior to BCD's release of the Plies mixtape recording entitled "Real Definitions" I communicated with Kevin Black who works in the office of the chairman of Warner Music of which plaintiff, Atlantic Records, is a part. It was my understanding from these communications that he approved BCD releasing the Plies mixtape. It was approved because, as was the custom in the industry, it would create awareness and interest in the artist's forthcoming studio album release.

4.     BCD has done this in the past with other Atlantic artists, including a mixtape by Atlantic recording artist Mike Jones which BCD released. Despite the fact that this was becoming the usual course of business, it seems that plaintiff's marketing people often made commitments

which it turns out that their legal department was unaware of them making with BCD (although those I dealt with in the promotion and marketing departments claimed they had ultimate authority on such decisions).

5. In connection with the Plies mixtape recording "Real Definitions", Plies' production company Slip'n'Slide (the party with which Atlantic claims to have contracted for the rights to Plies recordings) stated to me on a prior occasion that Plies had the ability to make mixtapes, and Slip'n'Slide had even offered a Plies mixtape for BCD to distribute. In fact, as recently as last week Slip'n'Slide sent me other music for BCD to distribute. Several e-mails and a FedEx airbill confirming BCD's ongoing communications with Slip'n'Slide is "**Exhibit E**"

6. In the past I had frequently communicated with Atlantic employee Cindy Lapinsky when there was a specific track that they did not want on a particular mixtape for whatever reason. BCD would remove the particular track and then re-release the "unloaded" or "reloaded" album to Atlantic's satisfaction (and BCD was usually even permitted to sell through what earlier mixtape recordings it had in the pipeline as long as BCD did not press any more mixtapes with the tracks BCD had agreed to remove. Cindy Lapinsky always stated that we would not put these details in a formal writing, but through emails I understood them to be satisfied (and they never accepted any of our offered royalties since we were deemed to be assisting them with promoting their artists at no cost to them)

7. It would appear to be evident that unless Atlantic or Slip'n'Slide or the respective artists were involved in making the mixtape recordings available there is no way BCD could have otherwise had access to or procured them (since BCD was never present in the recording studio).

8. Based on this ongoing relationship and usual course of business dealings between BCD and Atlantic/Warner, we initially assumed that it would be business as usual on the Plies and the Gucci Mane mixtape albums, and that an accommodation would be reached concerning them.

I declare under penalty of perjury that the foregoing is true and correct.

June 9, 2008

Shila Mitra

3