UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ATLANTIC RECORDING CORPORATION,

                Plaintiff,

      -against-

BCD MUSIC GROUP, INC. and MIXTRAP, LLC

                Defendants.

------------------------------------------------------------------X

08 Civ. 5201 (WHP)

**BCD RESPONSE
DECLARATION OF
<u>WALLACE COLLINS, ESQ.</u>**

WALLACE COLLINS, being duly sworn, deposes and says:

    1.    I am legal counsel to defendant BCD Music Group, Inc. ("BCD") in connection with this matter and am familiar with the facts set forth herein.

    2.    BCD has ceased offering the mixtapes, and has, in effect, preemptively complied with the injunctive relief sought by plaintiff in the Order to Show Cause before this Court.

### *<u>There Is No Threat Of Irreparable Harm and No Basis for Expedited Discovery</u>*

    3.    Although BCD entered into an agreement which it believed granted it the rights to distribute the "Real Definitions" and the "No Pad No Pencil" mixtapes, and believed that it had procured approval from employees of plaintiff, Atlantic Records, and its parent company, Warner Music, BCD has ceased distributing the mixtapes identified in this action. *Blakeslee Dec. ¶3-4*

    4.    Therefore, as more fully briefed in the BCD Memorandum of Law, where, as here, there is no further threat of any "irreparable harm" by BCD, expedited discovery is not warranted in a dispute absent irreparable harm. Whatever alleged harm occurred, assuming it is proven, can be redressed, after a full and fair litigation of the issues, through a monetary award.

    5.    Accordingly, BCD respectfully requests that a reasonable schedule be established so that BCD can have a full and fair opportunity to respond to plaintiff's allegations.

*1*

6.    Based on the Declarations from the BCD executives, BCD has not acted in bad faith in any regard in this matter. *See, Blakeslee Dec; Mitra Dec.* It acted based on its belief that it had a written license for use of the mixtapes, that it had verbal permission from employees of the plaintiff and its parent/affiliate company, Warner, and that it was acting in accord with its past course of business dealings with plaintiff. When the legal department sent the cease and desist letter, BCD took immediate steps to cooperate.

### *Defendant BCD Should Have An Full & Fair Opportunity To Respond to Plaintiff's Claims*

7.    There are numerous broad allegations and unsupported statements made by plaintiff which BCD disputes and which BCD should be entitled sufficient time to properly address, respond to, and possibly dismiss. Copyright infringement is alleged although the allegedly infringing recordings are not covered by any copyright registration before this Court. BCD claims to have had a license which is a valid affirmative defense. And BCD's suggestion that plaintiff may have unclean hands by virtue of the conduct of its own affiliates and employees is also a defense to the claims in this case.

8.    As a show of good faith by BCD in its business dealings with plaintiff, prior to commencement of this action I advised Atlantic's counsel that BCD had taken corrective action, had stopped selling "Real Definitions" and "No Pad No Pencil", and that BCD wished to cooperate with Atlantic and resolve the dispute without the need for this litigation, offering to resolve the dispute with a monetary settlement.

9.    Plaintiff's counsel admits that Shila Mitra, a vice president of BCD, also offered to cooperate with Atlantic in resolving this matter without the need for costly and time-consuming legal action. *Bressler Dec.¶2.*

2

10.     When plaintiff's counsel indicated that he was going to proceed with filing the Order to Show Cause despite the statements of BCD's compliance and BCD's willingness to cooperate to resolve the dispute, I advised him that I would be out of town Friday, June 6, 2008, and would not return until Monday evening, June 9, 2008, and requested that we try to accommodate that in scheduling of the hearing. Instead, I was forced to abort my trip and return to the office on Saturday to review the Order to Show Cause and supporting papers, advise and counsel BCD, and prepare the responsive papers on behalf of BCD.

11.     Based on the sworn statements of BCD's executives, BCD has not acted in bad faith. BCD has at all times acted in good faith, relied on the contractual and verbal representations of others and its past course of business dealings with plaintiff, and has taken all steps it believed necessary in order to conduct its business legally. BCD has ceased offering the mixtapes which are the subject of this action, in effect, preemptively complying with the injunctive relief sought in the Order to Show Cause. Therefore, there is no further threat of any "irreparable harm" by BCD and no further need for any expedited proceedings in this matter.

12.     Accordingly, BCD respectfully requests that a reasonable schedule be established so that BCD can have a full and fair opportunity to respond to plaintiff's numerous allegations and fully brief the issues before this Court.

I declare under penalty of perjury that the foregoing is true and correct.

June 10, 2008

Wallace Collins, Esq. (WC 1907)
119 Fifth Avenue (3rd flr)
New York, NY 10003
(212) 245-7300

*3*