```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/15/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ATLANTIC RECORDING CORP., et ano.,   :
 
              Plaintiffs,   :     08 Civ. 5201 (WHP)
 
              -against-   :     MEMORANDUM & ORDER
 
BCD MUSIC GROUP, INC.,   :
 
              Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Atlantic Recording Corporation ("Atlantic") and Warner Bros. Records, Inc. ("Warner Bros.") bring this action against Defendant BCD Music Group, Inc. ("BCD"), for copyright and trademark infringement, in violation of 17 U.S.C. § 501, violations of the Lanham Act, 15 U.S.C. § 1125(a), as well as common law unfair competition, breach of contract, and tortious interference with contract. By Memorandum & Order dated May 7, 2009 ("May 2009 Memorandum & Order") this Court granted Plaintiffs' motion for civil contempt and awarded Plaintiffs their proportionate share of profits resulting from BCD's contempt. Atlantic Recording Corp. v. BCD Music Group, Inc., No. 08 Civ. 5201 (WHP), 2009 WL 1390848 (S.D.N.Y. May 7, 2009). Plaintiffs now move for reconsideration, requesting that they be awarded attorney's fees and costs instead of profits because BCD did not derive any profit as a result of its contempt. For the following reasons, Plaintiffs' motion for reconsideration is denied.

        A motion for reconsideration under Local Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the

court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "cannot assert new arguments or claims which were not before the court on the original motion." Koehler v. Bank of Berm. Ltd., No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005). Reconsideration is not an invitation for parties to "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). The standard for reconsideration is strict and the decision is "within the sound discretion of the district court." Colodney v. Continuum Health Partners, Inc., No. 03 Civ. 7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004).

In its May 2009 Memorandum & Order, this Court awarded Plaintiffs their proportionate share of profits because such an award "is an appropriate sanction to coerce compliance with the Preliminary Injunction Order." Atlantic Recording Corp., 2009 WL 1390848, at *9. This Court has broad discretion to fashion a sanction, see N.A. Sales Co. v. Chapman Indus. Corp., 736 F.2d 854, 857 (2d Cir. 1984), that "should correspond at least to some degree with the amount of damages," Paramedics Electromedicina Comercial, Ltdsa v. GE Med. Sys. Info. Tech. Inc., 369 F.3d 645, 658 (2d Cir. 2004).

Plaintiffs now argue that this Court overlooked the Shady Records, Inc. v. Source Enter., Inc., 351 F. Supp. 2d 64, 72 (S.D.N.Y. 2004) holding that cost of enforcement is an appropriate sanction where such cost is the only measurable harm suffered. However, having cited Shady Records, this Court did not overlook it. Indeed, this Court specifically acknowledged the holding of Shady Records in a parenthetical in its May 2009 Memorandum & Order. That parenthetical bears repeating—(awarding attorneys' fees and costs of enforcement

2

where those costs "constitute the only measurable harm suffered by [Plaintiff]")—because it is precisely the argument Plaintiffs assert was overlooked.

As Plaintiffs now concede, the fact that BCD did not derive any profits as a result of its civil contempt was not before the Court on the original motion. See Kunica v. St. Jean Fin., Inc., 63 F. Supp. 2d 342, 346 (S.D.N.Y. 1999) ("[A] party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court."). Indeed, Plaintiffs sought disgorgement of profits as a sanction on the original motion. A decision on a motion does not open a dialogue with the Court. Accordingly, Plaintiffs' motion for reconsideration is denied.

Dated: July 15, 2009
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

3

*Counsel of record*:

Kenneth L. Bressler, Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
*Counsel for Plaintiffs*

Wallace Collins, Esq.
Serling Rooks & Ferrara, LLP
119 Fifth Avenue, Third Floor
New York, NY 10003
*Counsel for Defendant BCD Music Group Inc.*